UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

BRANDON DEJUAN EDWARDS,

        Petitioner,               Case No. 1:12-cv-753

v.                                    Honorable Paul L. Maloney

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Brandon Dejuan Edwards presently is incarcerated at the Michigan Reformatory. Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On July 14, 2008, Petitioner was sentenced by the Wayne County Circuit Court to imprisonment for 20 to 40 years on the murder conviction and 2 consecutive years on the felony-firearm conviction.

Petitioner requested an appeal and the assistance of counsel under the Michigan Court Rules. According to the petition, however, substitute appellate counsel eventually abandoned the appeal and instead filed a motion for relief from judgment under Rule 6.502 of the Michigan Court Rules, raising two grounds for relief: (1) whether good cause was shown for failure to raise grounds for relief on appeal; and (2) whether Petitioner should be allowed to withdraw his guilty plea. The Wayne County Circuit Court denied the motion on August 12, 2010. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two issues. The courts denied leave to appeal on December 17, 2009 and June 28, 2010, respectively, because Petitioner failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D). Petitioner filed a petition for writ of certiorari to the United States Supreme Court. He raised two claims: (1) appellate counsel was ineffective in filing a discretionary motion for relief from judgment rather than a direct application for leave to appeal; and (2) Petitioner should have been permitted to withdraw his plea. The Supreme Court denied his petition for writ of certiorari on December 6, 2010.

On August 1, 2011, Petitioner filed a motion seeking an evidentiary hearing and a motion to appoint counsel in the Wayne County Circuit Court, raising three issues: (1) the trial court lacked jurisdiction to hear the motion for relief from judgment that was filed prior to the expiration of the time allowed to file a delayed application for leave to file a direct appeal; (2) Petitioner was denied due process and equal protection when appointed counsel filed a motion for relief from judgment rather than a direct appeal; and (3) Petitioner was denied the effective assistance of appellate counsel. The circuit court construed the motions as second motions for relief from judgment, and dismissed them as improper successive motions on February 6, 2012. (*See* Ex. L to Pet., docket #1-2, Page ID##117-19.) Petitioner states in his petition that he did not appeal the motions because, pursuant to MICH. CT. R. 6.502(G)(1), a defendant may not appeal the denial or rejection of a successive motion. However, according to the electronic case record system maintained by the Michigan Court of Appeals, he did file a delayed application for leave to appeal on May 22, 2012, which was dismissed for filing defects on August 30, 2012.[1]

Petitioner filed the instant habeas petition on or about July 11, 2012, raising the same three grounds presented in his second motion for relief from judgment, together with a fourth ground: appellate counsel's filing of a discretionary appeal was not good cause for failing to raise the initial grounds on direct appeal, thereby denying Petitioner access to first-tier direct appeal.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

---

[1]The information was obtained from the electronic docketing system maintained by the Michigan Court of Appeals, http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=310383&fparties=&inqtype=public&yr=0 (Sept. 28, 2012).

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  According to the habeas application, Petitioner failed to file a direct appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added).  Petitioner had one year, until Tuesday, July 14, 2009, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(F)(3).  Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).  As a consequence the one-year habeas statue of limitations ordinarily would have begun to run at that time.

However, apparently before expiration of the one-year period for filing a delayed application for leave to appeal on July 14, 2009, counsel filed a motion for relief from judgment in the circuit court.  That motion was denied on August 12, 2009, after the time for filing a delayed application for leave to appeal had expired.  Petitioner sought leave to appeal through both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on June 28, 2010.  A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C.

§ 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Although Petitioner filed a petition for writ of certiorari to the United States Supreme Court, the Supreme Court has held that the statute of limitations is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. As a consequence, Petitioner's one-year statute of limitations began to run on June 28, 2010, when the Michigan Supreme Court denied leave to appeal. Absent further tolling, the statute of limitations expired on June 28, 2011.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired on June 28, 2011, his collateral motions filed August 1, 2011 did not serve to revive the limitations period.

Moreover, even had Petitioner's motions for relief from judgment filed on August 1, 2011 been timely, they could not toll the statute of limitations. An application for post-conviction relief must be "properly filed" in order to toll the statute of limitations. Petitioner's second and third motions for relief from judgment could not serve to toll the limitations period because they were not

a "properly filed" applications for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). Petitioner was prohibited from filing a second motion for relief from judgment by MICH. CT. R. 6.502(G)(1), which provides that, after August 1, 1995, only one motion for relief from judgment may be filed with regard to a conviction. Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period. *See Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11); *see also Rodriguez v. McQuidgen*, No. 08-cv-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009) ("Because Petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2)."). Moreover, a petitioner may not challenge the state court's determination that the motion was improper under 6.502(G)(2). *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003) (addressing state court's determination of timeliness); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice." *Israfil*, 276 F.3d at 771; *see also Vroman*, 346 F.3d at 604.[3] Petitioner therefore is not entitled to further tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2) because his subsequent motions for relief from judgment were not properly filed.

---

[3]Moreover, as the Sixth Circuit noted in *Williams*, 670 F.3d at 734-35, MICH. CT. R. 6.502(G)(2) permits successive motions for relief from judgment only if there is a claim based upon a retroactive change in the law or a claim of new evidence. *Id.* Neither exception is in issue here.

Finally, the one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace*, 544 U.S. at 418); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to allege facts or circumstances that would warrant equitable tolling in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Further, although the ineffective assistance of counsel may in extraordinary circumstances be sufficient grounds for equitable tolling, Petitioner has not shown entitlement to that relief here. A "garden variety claim of excusable neglect," such as a simple miscalculation of the

limitations period, does not warrant equitable tolling. Only a serious instance of attorney misconduct could rise to the level of an extraordinary circumstance for purposes of equitable tolling. *Holland*, 130 S. Ct. at 2564. Moreover, as the *Holland* Court reiterated, Petitioner must demonstrate both reasonable diligence and that the attorney's malfeasance rose to the level of "extraordinary circumstance." *Id.* at 2565.

Petitioner fails to allege the necessary diligence. On August 1, 2011, after his statute of limitations had expired, Petitioner filed his second motion for relief from judgment in the Wayne County Circuit Court. As is apparent from the issues raised in his state-court motions and briefs, Petitioner was aware at that time that state law barred a successive motion for relief from judgment; in other words, he was or should have been aware that a second motion would not be considered properly filed so as to toll the statute of limitations. (*See* Ex. I to Pet. for Writ of Cert., docket #1-1, Page ID##32-33 (reflecting that Petitioner argued in his petition for writ of certiorari to the United States Supreme Court that his appellate attorney, by filing a motion for relief from judgment rather than a direct appeal, had deprived Petitioner both of his opportunity for direct appeal and his opportunity to file another such motion). In addition, both the statute and the case law were abundantly clear at that time that pursuit of state post-conviction relief only tolls the statute of limitations if it is properly filed. *See* 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 417; *Artuz*, 431 U.S. at 10-11); *Rodriguez*, 2009 WL 2742004, at *3.

Further, not only did Petitioner file two successive motions for relief from judgment with awareness that they were not properly filed, he failed to file a habeas petition during the entire eight-month period in which those motions were pending in the circuit court. The motions were not decided until February 6, 2012, six months after the habeas statute of limitations had expired.

Indeed, even after the circuit court denied the motions as successive under MICH. CT. R. 6.502(G), Petitioner did not file a habeas petition for another five months. *See Allen*, 366 F.3d at 403 (holding that where the petition was not filed until more than seven months had elapsed beyond the one-year period, the petitioner was not diligent in pursuing her rights) (citing *Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late)). And Petitioner acknowledges in his petition that he was aware that he was barred from appealing from the circuit court's decision by MICH. CT. R. 6.502(G)(1). (*See* Pet., Page ID#4.) These facts demonstrate a lack of reasonable diligence in pursuing Petitioner's habeas remedy.

Moreover, Petitioner cannot demonstrate that the ineffective assistance of appellate counsel represented an extraordinary circumstance affecting the timeliness of his petition. At best, the ineffective assistance of appellate counsel caused Petitioner to lose his ability to pursue his claims on direct appeal and to file additional claims in a motion for relief from judgment. Those errors, however, occurred well before Petitioner's statute of limitations expired. Petitioner was entirely free to file his habeas petition during the entire year after the Michigan Supreme Court denied his first motion for relief from judgment. Petitioner's own decisions to pursue improper successive petitions and to delay filing the petition for habeas relief – not the allegedly ineffective assistance of counsel – are the cause for his failure to file a timely petition. Petitioner therefore fails to demonstrate the requisite extraordinary circumstance that prevented his timely filing of his habeas petition. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: _____    _____
                                            Joseph G. Scoville
                                            U.S. Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).